G. Thomas Martin, III (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x252
Fax: 866-583-3695
tmartin@consumerlawcenter.com
Attorneys for Plaintiff,
HEIDI P. SPEARER

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| HEIDI P. SPEARER, | Case No: CV 09 3653 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | (Unlawful Debt Collection Practices) |
| FIRST NATIONAL COLLECTION BUREAU, INC., | |
| Defendant. | |

## VERIFIED COMPLAINT

HEIDI P. SPEARER (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against FIRST NATIONAL COLLECTION BUREAU, INC., (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

PLAINTIFF'S COMPLAINT

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Union City, Alameda County, California.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Sparks, Washoe County, Nevada.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt owed by "Raj."

13. Plaintiff does not owe the debt.

14. Defendant leaves voicemail messages on Plaintiff's phone asking "Raj" to return the call to 800-824-6191.

15. Plaintiff has repeatedly informed Defendant that they are contacting the wrong person

PLAINTIFF'S COMPLAINT

but Defendant continues to call despite this.

16. Defendant contacts Plaintiff at 510-477-0930.

17. Defendant calls Plaintiff from "blocked" telephone numbers.

18. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity.

19. Defendant calls Plaintiff and fails to disclose the call is from a debt collector.

20. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

21. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   c. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character and amount of a debt because Plaintiff does not owe the debt alleged by Defendant.

   d. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by continuing to place telephone calls to Plaintiff in an attempt to collect a debt after being repeatedly informed that Defendant has the wrong telephone number.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by placing collection calls to Plaintiff from "blocked" numbers.

   f. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an

attempt to collect a debt by placing collection calls to Plaintiff and failing to provide meaningful disclosure of the caller's identity.

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

    h. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

22. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, HEIDI P. SPEARER, respectfully requests judgment be entered against Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., for the following:

23. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Actual damages,

- 4 -

PLAINTIFF'S COMPLAINT

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

27. Any other relief that this Honorable Court deems appropriate.

### COUNT II
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

   b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

   d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

30. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, JESSICA ALLEE, respectfully requests judgment be entered against Defendant, FIRST NATIONAL COLLECTION BUREAU, INC., for the following:

31. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

32. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

33. Actual damages,

34. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

35. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HEIDI P. SPEARER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: July 8, 2009    KROHN & MOSS, LTD.

By: _____

G. Thomas Martin, III
Attorney for Plaintiff

- 6 -

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, HEIDI P. SPEARER, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, HEIDI P. SPEARER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 7-15-09          *[signature]* HEIDI P. SPEARER

**EXHIBIT A**

PLAINTIFF'S COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — (YES) NO
2. Fear of answering the telephone — (YES) NO
3. Nervousness — (YES) NO
4. Fear of answering the door — YES NO
5. Embarrassment when speaking with family or friends — (YES) NO
6. Depressions (sad, anxious, or "empty" moods) — YES NO
7. Chest pains — (YES) NO
8. Feelings of hopelessness, pessimism — YES NO
9. Feelings of guilt, worthlessness, helplessness — YES NO
10. Appetite and/or weight loss or overeating and weight gain — YES NO
11. Thoughts of death, suicide or suicide attempts — YES NO
12. Restlessness or irritability — (YES) NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — YES NO
15. Negative impact on my relationships — (YES) NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: Anger, frustration that they kept calling even tho I explained several times that they had the wrong number and requested they correct their records — they kept calling and calling; early morning was the worst — They often woke me up in the morning.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7-15-09

Signed Name: Heidi Spearer

Printed Name: Heidi Spearer